IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |  |
|---|---|---|
| AMBLING UNIVERSITY DEVELOPMENT GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 3:14cv402-MHT (WO) |
| TUSKEGEE UNIVERSITY, | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

The allegations of the amended notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). As stated in an earlier opinion and order, to invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam); the allegations must show that the citizenship of each plaintiff is different from that of each defendant. See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al.,

Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006). The most-recent attempt to amend the removal notice is insufficient in three respects.

First, the amended notice of removal gives the "residence" rather than the "citizenship" of Gregory R. Blais, Charles P. Perry, R. Gregory Hunter, Amanda Holmes, Kenneth Zimmer, Lynn Zimmer, Ellen Ann Eckman, Joseph Eckman, Christian Noyes, Noelle Noyes, and Chris Greer. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

Second, it does not adequately indicate the citizenship of the following entities that appear to be 'limited liability companies': The Fullerton Group, LLC, and Sage Ventures, LLC. As stated before, "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,

374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege the citizenships of all the members of these limited liability company. <u>Id</u>.  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

Third and finally, the amended notice of removal is insufficient because it does not adequately indicate the citizenships of the following entities:  Trust of Ellen Ann Eckman F/B/O Kathy Ann Joseph and Trust of Ellen Ann Eckman F/B/O Joseph Frederick Eckman.  If the trust entity is a corporation, then the notice must allege the citizenship of both the State of incorporation <u>and</u> where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); <u>American Motorist Insur. Co. v. American Employers' Insur. Co.</u>, 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the trust entity is a partnership, the notice must indicate the citizenship of the individual partners, both general and limited.  <u>Carden</u>

3

v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (1990). If the trust entity is an unincorporated association, the notice must indicate the citizenship of each and every one of its members. Xaros v. U.S. Fidelity and Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987). If the trust entity is a limited liability company, then, as stated, the notice must allege "[t]he citizenships of all members of the limited liability company." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11 Cir. 2004). And if, as stated, the entity consists of several entities, the notice must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

xxx

It is therefore the ORDER, JUDGMENT, and DECREE of the court that defendant Tuskegee University has until August 4, 2014, to amend the notice of removal again to allege jurisdiction sufficiently. See 28 U.S.C. § 1653.

DONE, this the 28th day of July, 2014.

                                /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE